UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CURTIS L. WESTBROOK, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:16-cv-02913-TWP-DML |
| BRIDGES COMMUNITY SERVICES, INC., | ) |
| Defendant. | ) |

Report and Recommendation on
Defendant's Motion to Dismiss

On January 30, 2017, the defendant filed a motion to dismiss the plaintiff's complaint. More than three weeks later, on February 23, 2017, plaintiff Curtis Westbrook (who is proceeding *pro se*) filed a motion seeking two things: (1) an extension of time to file a response to the defendant's motion and (2) an order compelling the EEOC to turn over certain documents to him related to the discrimination complaint he filed surrounding his employment with the defendant.

In its review and consideration of Mr. Westbrook's combined motion, the court has determined that the defendant's motion to dismiss is not meritorious and therefore Mr. Westbrook does not need an extension of time to respond to it. As explained below, the exhaustion and statute of limitations arguments made by the defendant in its motion to dismiss cannot be resolved by way of a motion to dismiss. To the extent those arguments have any merit, they must be presented by a motion for summary judgment or at trial. The defendant's argument that Mr. Westbrook's

*pro se* complaint provides insufficient information about why he contends the defendant discriminated against him on the basis of sex or disability has some merit, but under the circumstances, the court finds that requiring Mr. Westbrook to provide a more definite statement of his claim is a superior means to address the lack of detail in his *pro se* complaint.

The magistrate judge submits this report and recommendation that the district judge DENY the defendant's motion to dismiss and ORDER Mr. Westbrook to provide a statement describing (1) the nature of his disability and (2) the dates and types of alleged adverse employment actions taken by the defendant (a) because of his disability and (b) because of his sex.

By separate order, the magistrate judge will address Mr. Westbrook's motion for an extension of time and to compel the EEOC to provide documents to him.

## **Analysis of Motion to Dismiss**

The defendant's motion to dismiss makes three arguments: (1) Mr. Westbrook did not timely file this lawsuit within 90 days of his receipt of a right to sue letter from the EEOC; (2) Mr. Westbrook failed to timely file a charge of discrimination with the EEOC, and therefore did not exhaust his administrative remedies; and (3) Mr. Westbrook's complaint does not provide enough detail to plausibly allege discrimination based on sex or disability.

The court addresses each of these arguments in turn below.

I.      **Timely Filing of a Civil Action within 90 Days of Receipt of Notice**

Under 42 U.S.C. § 2000e-5(f)(1), a person has 90 days after the giving of a "right to sue" notice by the EEOC to file a civil action against the respondent-employer named in the charge of discrimination filed with the EEOC.  The 90-day period begins on actual receipt by the plaintiff (or his attorney, if he was represented in the EEOC proceeding) of the right to sue notice.  *DeTata v. Rollprint Packaging Products, Inc.,* 632 F.3d 962, 967-68 (7th Cir. 2011).

Mr. Westbrook's complaint states that he received a right to sue letter from the EEOC "on or about" July 27, 2016.  The defendant ignores the "on or about" qualifier and asserts that Mr. Westbrook must have received the right to sue letter *on* July 27, 2016, and therefore the filing of his complaint on October 26, 2016 (which the defendant says is the 91st day), was not timely.

The EEOC right to sue letter states it was *mailed* to Mr. Westbrook on July 27, 2016 (*see* Dkt. 13-9).  It is highly unlikely Mr. Westbrook received the mailing on the very date it was mailed and his complaint indicates otherwise by using the qualifier "on or about" July 27, 2016.  If the defendant wishes to attempt to prove that Mr. Westbrook received the mailing on the very date it was mailed (a fact assumption necessary to its untimeliness argument), then it can take discovery from Mr. Westbrook to try to prove that.  The court accepts as true Mr. Westbrook's allegation that his receipt was "on or about" July 27, 2016, and his allegation permits a reasonable inference that he received the mailing *after* the date the EEOC deposited it in the mail.

The defendant has not demonstrated, on the basis of the complaint, that Mr. Westbrook's complaint was not filed within 90 days of his receipt of the right to sue notice and thus its request for dismissal on this basis must be rejected.

## II. <u>Timely Filing of a Charge with the EEOC</u>

Indiana is a so-called "deferral" state. Thus, "an Indiana plaintiff has 300 days from the date of the conduct at issue to file an EEOC discrimination charge." *Majors v. General Elec. Co.,* 714 F.3d 527, 536 (7th Cir. 2013).

The defendant argues that the court *must* determine as a matter of law based solely on the allegations of Mr. Westbrook's complaint that he did not file a charge with the EEOC within 300 days of the adverse employment action underlying his suit. The sole ground for this argument is that the EEOC decided in its pre-suit investigation that Mr. Westbrook waited too long to file his charge. The defendant demands an explanation from Mr. Westbrook how he can assert he filed his charge timely when the EEOC stated he had not. The defendant's argument is not well-taken. It has cited no authority that the EEOC's determination has any preclusive effect, or even any evidentiary worth, and provides no information about the bases for the EEOC's determination.

Whether or not Mr. Westbrook filed a charge within 300 days of the adverse employment action(s), or even if not, whether equitable doctrines may excuse any untimeliness, must be determined on a fuller evidentiary record. Indeed, according to Mr. Westbrook, he did not even learn of the termination of his services by the defendant until October 2015, and there is no question that his EEOC charge was

4

filed within 300 days of that date. There is some authority that when a plaintiff complains that his job was terminated for unlawful reasons, the 300-day clock starts running when the employee learns that he was terminated. *E.g., Cigan v. Chippewa Falls School Dist.,* 388 F.3d 331, 334 (7th Cir. 2004). Whether and how this branch of authority should apply to Mr. Westbook's claims is a matter that cannot be decided as a matter of law on the defendant's motion to dismiss.

### III. Mr. Westbrook's Factual Allegations

The court does agree with the defendant that Mr. Westbrook's *pro se* complaint reveals very little about the actions of the defendant leading him to believe he was discriminated against because of a disability or because of his sex. But a discrimination complaint states a claim with very little detail. *See Carlson v. CSX Transp., Inc.,* 758 F.3d 819, 828 (7th Cir. 2014) (internal quotation omitted) (stating that, for example, "a complaint alleging sex discrimination under Title VII need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of [his] sex.") In addition, courts liberally construe *pro se* complaints. *E.g., Alvarado v. Litscher,* 267 F.3d 648, 651 (7th Cir. 2001).

But a liberal reading of Mr. Westbrook's complaint does not reveal the extent of the adverse employment actions about which Mr. Westbrook complains. The nature of Mr. Westbrook's disability (or perceived disability) is also unclear from the complaint.

To most efficiently address the relative lack of detail in Mr. Westbrook's complaint, the court recommends that he be ordered to file a "More Definite

5

Statement," which identifies (1) the nature of the disability, or perceived disability, supporting his claim that the defendant discriminated against him based on that disability; (2) the dates and types of alleged adverse employment actions taken by the defendant because of the disability; and (3) the dates and types of alleged adverse employment actions taken by the defendant because of his sex.

## Conclusion

For the foregoing reasons, the magistrate judge recommends that the district judge DENY the defendant's motion to dismiss (Dkt. 11), but require Mr. Westbrook to file a More Definite Statement addressing the matters listed above. If the district judge adopts this recommendation, it should require Mr. Westbrook to file his More Definite Statement within 21 days of the court's adoption.

Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure. The parties should not anticipate any extension of this deadline or any other related briefing deadlines.

IT IS SO RECOMMENDED.

Dated: 4/24/17

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system

Via United States mail:
CURTIS L. WESTBROOK
1113 East 6th Street
Muncie, IN  47302