# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| CURTIS L. WESTBROOK, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:16-cv-02913-TWP-DML |
| BRIDGES COMMUNITY SERVICES, | ) |
| Defendant. | ) |

## ORDER ON PLAINTIFF'S MOTION FOR INTERLOCUTORY APPEAL

This matter is before the Court on *pro se* Plaintiff Curtis Westbrook's ("Westbrook") Motion for Interlocutory Appeal (Filing No. 32), challenging the Magistrate Judge's denial of his Motion for Appointment of Counsel (Filing No. 31). The proper method by which to challenge a non-dispositive order is by filing an objection or appeal of the Magistrate Judge's decision under Federal Rule of Civil Procedure 72(a). Because Westbrook proceeds *pro se*, the Court liberally construes his motion and the filing is treated as a timely objection to the Magistrate Judge's order, as opposed to a motion for interlocutory appeal. *See, e.g., Alvarado v. Litscher,* 267 F.3d 648, 651 (7th Cir. 2001). For the reasons below, the Court **denies** Westbrook's appeal of the Magistrate Judge's order.

After this Court granted his motion to proceed *in forma pauperis* pursuant to 26 U.S.C. § 1915(e)(1) (Filing No. 5), Westbrook moved for appointment of pro bono counsel (Filing No. 28). In determining whether to recruit pro bono counsel, the Court is to consider two factors: whether (1) the indigent plaintiff made a reasonable attempt to obtain counsel, and (2) "given the difficulty of the case," the plaintiff appears competent to litigate his claims. *Pruitt v. Mote*, 503 F.3d 647, 654. It is the well-established duty of the trial court to ensure that the claims of a *pro se* litigant are given a fair and meaningful consideration. *Donald v. Cook County Sheriff's Dep't,*

*supra,* 95 F.3d at 555 (quoting *Palmer v. City of Decatur,* 814 F.2d 426, 428–29 (7th Cir.1987). The Magistrate Judge considered and then denied Westbrook's motion ([Filing No. 31](#)).

In considering Westbrook's request, the Magistrate Judge accepted that he made a reasonable attempt to retain counsel. ([Filing No. 31 at 2](#).) The Magistrate Judge then concluded that Westbrook was competent to litigate the case on his own, given that, in the Court's experience, he is "intelligent, capable of participating in discovery, and capable of presenting facts and arguments to the court in a logical manner." *Id.* The Magistrate Judge noted that Westbrook has litigated several cases on a *pro se* basis, including cases involving the same subject matter as the present one. *Id.* The Magistrate Judge also considered the fact that Westbrook failed to participate in a pretrial conference, as ordered, as well as the fact that in another case in which counsel has been appointed, Westbrook has mistreated court staff. *Id.* Under those circumstances, the Magistrate Judge concluded, the Court was less willing to ask counsel to represent Westbrook free of charge. *Id.*

A district court may refer for decision a non-dispositive pretrial motion to a magistrate judge under Federal Rule of Civil Procedure 72(a). Rule 72(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). After reviewing objections to a magistrate judge's order, the district court will modify or set aside the order only if it is clearly erroneous or contrary to law. The clear error standard is highly deferential, permitting reversal only when the district court "is left with the

definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

In his Motion, Westbrook challenges the Magistrate Judge's reference to Westbrook's behavior in another case, being litigated in front of another judge. (Filing No. 32 at 2.) He also asserts that he has lost the cases in which he has appeared *pro se*, which provides evidence of the fact that he is unable to represent himself effectively. *Id* at 3. However, Westbrook has not demonstrated any error of law or fact in the Magistrate Judge's denial of his Motion for Appointment of Counsel. First, Westbrook has pointed to no specific aspects of his case, underlying facts, applicable law, or lack of capacity that demonstrate that the difficulty of the case requires the appointment of counsel. Even accepting Westbrook's allegation as true that he has lost all of the cases that he has litigated *pro se*, the Court cannot conclude from that bare assertion that Westbrook is therefore incapable of representing himself in this matter. Based on the current record, the Court determines that Westbrook is presently capable of self-representation. Should future events (such as settlement conference or trial) prove him less capable, Westbrook may always renew his motion for assistance in recruiting counsel.

Secondly, Westbrook cites no authority in support of his contention that the Magistrate Judge erred in considering Westbrook's behavior toward court staff. The Court notes that in response to a show-cause order issued previously in this case, Westbrook himself references the other case he is currently litigating in front of this Court. (Filing No. 30 at 1.) The decision to appoint counsel is discretionary and there is no constitutional or statutory right to counsel in a civil proceeding. *Pruitt* at 654. Fair and meaningful consideration was given to Westbrook's requests and he has demonstrated no error in the Magistrate Judge's order.

3

For these reasons, the Court **DENIES** Westbrook's objection and appeal of the order denying the appointment of counsel (Filing No. 32).

**SO ORDERED.**

Date: 8/15/2017

_Tanya Walton Pratt_

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Curtis L. Westbrook
1113 East 6th Street
Muncie, Indiana 47302

Samuel J Beasley
DENNIS WENGER & ABRELL
beasleys@dwapc.com

Theodore J. Blanford
HUME SMITH GEDDES GREEN & SIMMONS
tblanford@humesmith.com

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com