# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CURTIS L. WESTBROOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-02913-TWP-DML |
| | ) | |
| BRIDGES COMMUNITY SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGES ORDER (Dkt. 48) AND MOTION FOR INTERLOCUTORY APPEAL (Dkt. 49)

This matter is before the Court on *pro se* Plaintiff Curtis L. Westbrook's ("Westbrook") Objection to this Court's Order Denying Plaintiff's Motion for Default Judgment, filed pursuant to Federal Rule of Civil Procedure 72, (Filing No. 48), and Westbrook's Motion for Interlocutory Appeal, filed pursuant to 28 U.S.C. § 1292(b) (Filing No. 49). Westbrook seeks reversal of the Magistrate Judge's November 29, 2017 Order, which denied Westbrook's Motion for Default Judgment as a discovery sanction (Filing No. 44). He seeks reversal by the District Judge through his Rule 72 Objection or, alternatively by the Seventh Circuit Court of Appeals, through his Motion for Interlocutory Appeal. For the reasons set forth below, the Court **overrules** the Objection and **denies** the Motion for Interlocutory Appeal.

## I. BACKGROUND

On October 26, 2016, Westbrook filed his Complaint against Defendant Bridges Community Services ("Bridges"), asserting claims of employment discrimination (Filing No. 1). By its May 15, 2017 Order, the Court set deadlines for initial disclosures, (Filing No. 18), and subsequently, extensions of time were granted to September 29, 2017, for the parties to serve their

initial disclosures (Filing No. 29; Filing No. 36). Bridges failed to timely serve its initial disclosures on Westbrook.

On October 12, 2017, without first meeting and conferring with Bridges' counsel, Westbrook filed a Motion for Default Judgment because Bridges had failed to serve its initial disclosures (Filing No. 37). Bridges received notice of the Motion on October 13, 2017, and filed a response, opposing the motion for default judgment (Filing No. 39). Bridges explained that it inadvertently overlooked serving its initial disclosures by the September deadline, and when counsel realized his oversight, he promptly mailed the initial disclosures to Westbrook on October 11, 2017, the day before Westbrook's Motion for Default Judgment was filed (Filing No. 39 at 1–2). Bridges' counsel also pointed out that Westbrook had never contacted him about discovery issues prior to filing the Motion for Default Judgment. *Id.* at 2.

On November 29, 2017, the Magistrate Judge denied Westbrook's Motion for Default Judgment (Filing No. 44). In the Order denying default judgment, the Magistrate Judge explained, "Default is an extreme sanction and would be wholly disproportionate to Bridges's offense of belatedly serving its initial disclosures. Default is not warranted. *See, e.g., Maynard v. Nygren*, 372 F.3d 890, 893 (7th Cir. 2004) (the guiding principle for sanctions is that they must be proportionate to the offense)." *Id.* at 1–2. Unhappy with the Magistrate Judge's Order denying default judgment, Westbrook filed a Rule 72 Objection and a Motion for Interlocutory Appeal on December 6, 2017, requesting reversal of the Magistrate Judge's Order (Filing No. 48; Filing No. 49).

## II.   LEGAL STANDARD

A district court may refer for decision a non-dispositive pretrial motion to a magistrate judge under Federal Rule of Civil Procedure 72(a). Rule 72(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

After reviewing objections to a magistrate judge's order, the district court will modify or set aside the order only if it is clearly erroneous or contrary to law. The clear error standard is highly differential, permitting reversal only when the district court "is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Coley v. Landrum*, 2016 U.S. Dist. LEXIS 13377, at *3 (S.D. Ind. Feb. 4, 2016) (citation and quotation marks omitted).

> The legal standard for certifying an order for interlocutory appeal is set out in statute:
>
> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

> There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation. There is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed.

*Ahrenholz v. Bd. of Trs.*, 219 F.3d 674, 675 (7th Cir. 2000).

### III. DISCUSSION

In his Objection and Motion, which are essentially identical and seek the same relief via different procedural mechanisms, Westbrook initially asserts that Bridges' counsel's failure to

3

timely serve the initial disclosures amounts to "extraordinarily poor judgment" and "gross negligence" that warrants the sanction of default judgment ([Filing No. 48 at 1](#)). The remainder of Westbrook's Objection and Motion allege assertions that the Magistrate Judge is biased against him. Westbrook then concludes by asserting his general disagreement with the Magistrate Judge's Order denying default judgment and asking for the reversal of the Order. Westbrook fails to point to any clear error or misapplication of relevant law or rule in the Magistrate Judge's Order. Westbrook also fails to discuss any of the four statutory criteria for an interlocutory appeal.

In response to Westbrook's Objection, Bridges asserts that there is nothing clearly erroneous or contrary to law in the Magistrate Judge's Order. Bridges points out that the Magistrate Judge's ruling is consistent with controlling case law, which favors trial on the merits over default judgment and states discovery sanctions must be proportionate to the offense. *Sun v. Bd. Of Trs. Of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007); *Maynard*, 372 F.3d at 893. Bridges asserts that the facts and the law clearly and easily support the Magistrate Judge's Order denying default judgment. Bridges argues that a single incident of a belated discovery disclosure that was quickly corrected without any resulting prejudice to Westbrook does not warrant default judgment.

Upon review of the history of the discovery process in this case, the Court determines that Bridges' argument is well-taken and supported by law, and Westbrook has failed to meet his burden to obtain a reversal of the Magistrate Judge's Order or an interlocutory appeal.

Indeed, discovery sanctions are reviewed for an abuse of discretion, *Maynard*, 372 F.3d at 893, and "[t]he sanctions of dismissal and entry of default judgment are strong medicine, so before a court imposes such a sanction it must find by clear and convincing evidence that the party against whom the sanction is imposed displayed willfulness, bad faith, or fault." *Wellness Int'l Network, Ltd. v. Sharif*, 727 F.3d 751, 779 (7th Cir. 2013). Bridges has not exhibited bad faith or a pattern

of discovery violations that would warrant a severe discovery sanction such as default judgment. Upon discovering that it had failed to serve the disclosures by the September deadline, Bridges promptly served its initial disclosures. Bridges, however, is cautioned that it should not be dilatory or evasive in responding to discovery and should meet all deadlines during the remainder of this case.

While Westbrook's disappointment in the denial of default judgment is understandable, his disappointment does not amount to a showing of clear error or misapplication of relevant law in the Magistrate Judge's Order. There is no error in the Magistrate Judge's Order that would warrant reversal or modification. Additionally, Westbrook has not shown that the four statutory criteria for an interlocutory appeal are satisfied.

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Westbrook's Rule 72 Objection ([Filing No. 48](#)) and **DENIES** his Motion for Interlocutory Appeal ([Filing No. 49](#)).

**SO ORDERED.**

Date: 7/10/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Curtis L. Westbrook
1113 East 6th Street
Muncie, Indiana  47302

Samuel J Beasley
DENNIS WENGER & ABRELL
beasleys@dwapc.com

Theodore J. Blanford
HUME SMITH GEDDES GREEN & SIMMONS
tblanford@humesmith.com

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com