# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| CURTIS L. WESTBROOK, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:16-cv-02913-TWP-DML |
| BRIDGES COMMUNITY SERVICES, | ) |
| Defendant. | ) |

## ORDER ON PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING SANCTIONS AND REQUEST FOR INTERLOCUTORY APPEAL

This matter is before the Court on *pro se* Plaintiff Curtis Westbrook's ("Westbrook") Objection to the Magistrate Judges Order Denying Plaintiff's Motion for Sanctions and Request for Interlocutory Appeal. (Dkt. 81). Westbrook challenges the Magistrate Judge's May 3, 2018 decision to deny sanctions in his favor against Defendant Bridges Community Services, Inc. ("Bridges"). (Dkt. 79). For the reasons stated below, the Court **overrules** Westbrook's appeal of the Magistrate Judge's order and **denies** his request for an interlocutory appeal.

## I. LEGAL STANDARD

A district court may refer for decision a non-dispositive pretrial motion to a magistrate judge under Federal Rule of Civil Procedure 72(a). Rule 72(a) provides: When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

After reviewing objections to a magistrate judge's order, the district court will modify or set aside the order only if it is clearly erroneous or contrary to law. The clear error standard is highly differential, permitting reversal only when the district court "is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Coley v. Landrum*, 2016 U.S. Dist. LEXIS 13377, at *3 (S.D. Ind. Feb. 4, 2016) (citation and quotation marks omitted).

The legal standard for certifying an order for interlocutory appeal is set out in statute:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

> There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation. There is also a nonstatutory requirement: the petition must be filed in the district court within a after the order sought to be appealed.

*Ahrenholz v. Bd. of Trs.*, 219 F.3d 674, 675 (7th Cir. 2000).

## II. <u>DISCUSSION</u>

The proper method to challenge a non-dispositive order is by filing an objection or appeal of the Magistrate Judge's decision under Federal Rule of Civil Procedure 72(a). Although captioned in part as seeking an interlocutory appeal, Westbrook fails to discuss any of the four statutory criteria for an interlocutory appeal. Accordingly, his request for interlocutory appeal is **denied**. The Court will consider only Westbrook's Rule 72 objection.

Westbrook moved for sanctions alleging that Bridges did not follow the court's discovery instructions when it submitted "inaccurate, misleading, limited, duplicated and obviously missing answers" to interrogatories, and that Bridges made "misrepresentations" about the reasons for its late disclosures. (Dkt. 72 at 1-2.) The Magistrate Judge found that a Rule 37(b)(2) sanction was not appropriate because there was an insufficient showing that Bridges did not comply with the Court's February 2, 2018 discovery order. She found that Bridge's supplemental answers to the interrogatories were adequate, except that some additional information was required.

The Magistrate Judge rejected Westbrook's argument that Bridges has engaged in a pattern of misconduct and determined that a sanction of default would be disproportionate to the conduct complained of. On May 3, 2018 the Magistrate Judge denied Westbrook's motion for sanctions, except that she ordered Bridges to supplement its answer to Interrogatory 26 within 10 days of the date of her entry. Bridges was ordered to provide the SCSEP (Senior Community Service Employment Program) enrollment dates for each participant in the plan. Bridges confirms that he complied with the Order by serving a supplemental response to Westbrook on May, 14, 2018. (Dkt. 84 at 3.)

Westbrook strongly disagrees with the Magistrate's ruling. He contends the "Magistrate Judge is blind and oblivious to the *pro se* Plaintiff's argument because she requires a 'pattern' of misconduct before finding a discovery violation that would warrant the sanction of a default judgment." (Dkt. 81 at 3.) In support of his position, Westbrook proffers several pages of alleged discovery violations regarding specific answers to interrogatories, which he contends show a pattern of misconduct. *Id*. at 3-21. Westbrook then concludes by asserting his general disagreement with the Magistrate Judge's Order denying default judgment and asking for the reversal of the Order.

3

In its Response in Opposition to the Objection, Bridges first argues that because Westbrook filed his Objection on June 1, 2018, the objection is untimely and hence, he has waived his right to relief under Rule 72. (Dkt. 84 at 4.) Under Rule 72(a) or (b), a party has fourteen (14) days to object to Magistrate Judge's order. The Magistrate Judge entered her order on May 3, 2018, thus, Bridges contends the June 1, 2018 Objection is untimely. The Court rejects this argument. Although the Magistrate Judge issued her ruling on May 3, 2018, the Order allowed Bridges ten days (or by May 13, 2018), to supplement its answer to Interrogatory 26. Under these circumstances, it is understandable that Westbrook may have misunderstood the deadline. Westbrook is proceeding *pro se* in this action, therefore, the Court liberally construes his accounting of time and will treat Westbrook's objection as timely filed.

Bridges argues that the Magistrate Judge's ruling is not clearly erroneous or contrary to law. Bridges explains that he attempted to provide the information sought by Westbrook and when ordered by the Magistrate to provide supplemental information, he complied. Westbrook contends that not only has he complied with filing the supplemental interrogatory information as ordered, but there is no discovery request pending that has been unanswered, and the information Westbrook seeks has been provided, therefore the Magistrate Judge's ruling should be upheld. (Dkt. 84 at 3-4.)

Discovery sanctions are reviewed for an abuse of discretion, *Maynard*, 372 F.3d at 893, and "[t]he sanctions of dismissal and entry of default judgment are strong medicine, so before a court imposes such a sanction it must find by clear and convincing evidence that the party against whom the sanction is imposed displayed willfulness, bad faith, or fault." *Wellness Int'l Network, Ltd. v. Sharif*, 727 F.3d 751, 779 (7th Cir. 2013).

The Court has reviewed the relevant filings and carefully considered the parties' arguments. The Court agrees with the Magistrate Judge that Bridges has not exhibited either bad faith or a pattern that would warrant a severe discovery sanction such as default judgment. The discovery rules are interpreted liberally and broadly "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978). Moreover, district courts have broad discretion in discovery matters, and therefore, discovery determinations are given substantial deference and are reviewed for an abuse of discretion. *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646–47 (7th Cir. 2001). It is obvious that the parties' views on the scope and delivery of discovery materials differ greatly. Discovery disputes while unfortunate, are not unusual. The Magistrate Judge's discretion in handling the discovery disputes in the matter have been fair and consistent with the law. Westbrook has not demonstrated any error of law or fact in the Magistrate Judge's May 3, 2018 denial of his Motion Sanctions, therefore, the Magistrate Judge's ruling is upheld.

### III.  CONCLUSION

For these reasons, Plaintiff's Objection to the Magistrate Judge's Order Denying Plaintiff's Motion for Sanctions is **OVERRULED** and Request for Interlocutory Appeal (Dkt. 81), is **DENIED**.

**SO ORDERED**:

Date:  3/31/2019

*[Signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CURTIS L. WESTBROOK
1113 East 6th Street
Muncie, IN 47302

Samuel J Beasley
DENNIS WENGER & ABRELL
beasleys@dwapc.com

Theodore J. Blanford
HUME SMITH GEDDES GREEN & SIMMONS
tblanford@humesmith.com

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com